IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| STEVIE ANDRE ROBERSON #01877155 | § | |
| | § | |
| V. | § | A-19-CV-701-LY |
| | § | |
| GREG ABBOTT | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas. Before the Court is Plaintiff's Complaint. Plaintiff, proceeding pro se, has paid the full filing fee for this case.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the Boyd Unit of the Texas Department of Criminal Justice - Correctional Institutions Division. Plaintiff was convicted of failure to register as a sex offender in the 114th Judicial District Court of Smith County, Texas on August 1, 2013, and was sentenced to 25 years' imprisonment.

In his civil rights complaint Plaintiff challenges the constitutionality of the Sex Offender Registration statute. He contends the statute violates his right to equal protection, because it waives or exempts the registration requirements of persons with the same or similarly situated reportable convictions or adjudications that occurred prior to a specified date.

Plaintiff raised this same issue in his Objections to the Magistrate Court's Report and Recommendation in his federal habeas corpus action in *Roberson v. Director*, No. 6:16-CV-104

(E.D. Tex.). The District Court found the objection was not properly before the court, because it was raised for the first time in his objections. However, the court also rejected the claim on the merits.

## DISCUSSION AND ANALYSIS

A. Standard Under 28 U.S.C. § 1915A

Although Plaintiff paid the full filing fee for this case, his claims must be screened pursuant to 28 U.S.C. § 1915A. On review, the Court must dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See Martin v. Scott*, 156 F.3d 578 (5th Cir. 1998).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972). However, the plaintiff's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B. *Heck*-Barred

Plaintiff's challenge is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994). In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

Courts have also extended the holding in *Heck* to claims seeking injunctive or declaratory relief pursuant to 42 U.S.C. § 1983. *See Edwards v. Balisok*, 520 U.S. 641,648 (1997); *Clark v. Stalder*, 154 F.3d 186, 190–91 (5th Cir.1998). A ruling in Plaintiff's favor would invalidate his conviction. Accordingly, this case is barred by *Heck*.

Moreover, Plaintiff has already challenged his conviction and the Sex Offender Registration statute in his federal habeas corpus action. Title 28 U.S.C. § 2244(b) provides before a second or successive application for writ of habeas corpus is filed in the district court, an applicant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3). To the extent Plaintiff's complaint is construed as a successive application for habeas corpus relief the district court is without jurisdiction to consider it until the Fifth Circuit grants Plaintiff authorization to file a successive application.

## RECOMMENDATION

It is therefore recommended that Plaintiff's complaint be dismissed without prejudice as *Heck*-barred and alternatively dismissed without prejudice for want of jurisdiction.

## OBJECTIONS

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636 (b)(1)(C). Failure to file written objections to the proposed findings and recommendations contained within this report within 14 days after service shall bar an aggrieved party from de novo review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest

injustice. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*); *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-277 (5th Cir. 1988).

SIGNED this 27th day of August, 2019.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE